L. OPPLEMAN, INC. *v.* UNITED STATES (No. 4453) [1]

United States Court of Customs and Patent Appeals, March 6, 1944

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Charles J. Miville*, special attorney, of counsel) for the United States.

[Oral argument February 1, 1944, by Mr. Miville; submitted on brief by appellant]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, overruling the protest of the importer whereby

[1] C. A. D. 270

recovery is sought of certain duties assessed and collected on prism binoculars imported from France and en.ered at the port of New York November 9, 1936.

The collector classified the merchandise and assessed duty under paragraph 228 (a) of the Tariff Act of 1930, which paragraph, so far as here pertinent, reads:

Par. 228. (a) * * * prism-binoculars * * * ; all the foregoing, finished or unfinished, 60 per centum ad valorem.

The paragraph provided for such binoculars *eo nomine*, and without reference to their value.

In the French Trade Agreement of 1936, T. D. 48316, the paragraph, as it relates to such binoculars, was modified so that the portion here pertinent reads:

228 (a) Prism binoculars, having a magnification of five diameters or less, and valued at not more than $12 each * * *; all the foregoing, finished or unfinished 45% ad val.

It appears that the binoculars here involved have a magnification of eight diameters and are valued at $4.04 each.

Obviously, it was the view of the collector that only those prism binoculars which met both conditions of the trade-agreement paragraph were entitled to the 45 per centum rate; that is to say, in order to obtain that rate the instruments must have had a magnification of not more than five diameters and a value of not more than $12 each.

It is the contention of appellant that the trade-agreement paragraph is "poorly worded"; that by reason of the punctuation it is ambiguous, and that the clause "Prism binoculars, having a magnification of five diameters or less, *and* valued at not more than $12 each * * *" should be interpreted as though it read, "Prism binoculars, having a magnification of five diameters or less, *or* valued at not more than $12 each * * *." [Italics ours.]

Appellant's brief states, *inter alia*:

Paragraph 228 (a) of the French Trade Agreement is poorly worded. We have examined numerous English text books and grammars but can find no competent authority which recommends the phraseology and punctuation as found in this tariff provision.

In Paragraph 228 (a) there is a noun ("binoculars") followed by two limiting participial phrases (1—"having a magnification of 5 diameters or less," and 2—"valued at not more than $12 each); commas being placed after the noun and before the conjunction "and."

Competent authorities on the English language agree upon the rule of punctuation that commas should *not* be inserted in a sentence between a noun and participial phrases which limit the noun. [Italics quoted.]

The effect of the construction, or interpretation, for which appellant contends would, obviously, bring two classes of prism binoculars within the 45 per centum ad valorem rate, viz (1) binoculars having

a magnification of five diameters or less, without reference to their value, and (2) binoculars having a value of not more than $12 each, without reference to their diameter magnification.

The Government contends, in effect, that the language of the trade agreement is clear and unambiguous and that there is no reason for an extraneous inquiry respecting the intention of those who negotiated the treaty, and this was the view expressed by the trial court.

We are in agreement with the view so expressed. Appellant's arguments respecting the placement of the commas, as alluded to in the quotation from its brief, *supra*, as well as the authorities pointing out that in some instances the word "and" may be interpreted in a disjunctive sense, have been respectfully and carefully considered, but we fail to discern wherein they have any application to the statute under consideration.

It may be conceded that the comma preceding the words "and valued" after the phrase "diameters or less" appearing in the trade-agreement paragraph, might have been omitted, but the fact that it was included certainly would not justify a judicial striking of the word "and" and the substitution therefor of the word "or."

So far as the record discloses, no anomalous situation is created by, nor does any unreasonable levy of customs duties result from, the requirement that in order to obtain the 45 per centum ad valorem rate both elements—magnification of five diameters or less, and a value of not more than $12 each—must be present in the merchandise.

It may be stated that during the course of the trial appellant was permitted, over the objection of the Government, to introduce exhibits and oral testimony in an effort to show that it was the intent of the negotiators of the trade agreement to provide that all prism binoculars valued at not more than $12 each should receive the lower rate of duty without reference to their degree of magnification.

Since we do not regard the statute ambiguous we may not consider this evidence.

The judgment appealed from is *affirmed*.